UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH SNELLING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 2:24-cv-00460-JPH-MG |

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, STP 24-03-000311.  The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot.  For the reasons set forth below, the respondent's motion to dismiss, dkt. [15], is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding number STP 24-03-000311 on April 9, 2024, and he was found guilty of violating prison disciplinary rules.  His sanctions included the imposition of a demotion in credit class and the loss of 180 days of good time credit.  Dkt. 15-2.  He filed this petition for a writ of habeas corpus on September 30, 2024.  Dkt. 1.  While the case was pending, the Indiana Department of Correction reversed the imposed sanctions.  Dkt. 15-1.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the

1

Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).  To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001).

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012).  "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Id.* (citation and quotation marks omitted).

Here, the petitioner's conviction and sanctions were vacated and thus can no longer affect the duration of his custody.  Accordingly, the respondent's motion to dismiss, dkt. [15], is **granted** and this action is dismissed as moot.  An action which is moot must be dismissed for lack of jurisdiction.  *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

The petitioner's motion requesting the status of this case, dkt. [17], dkt. [18], are **granted** consistent with this Order.  The other pending motions, dkt. [7], dkt. [11], and dkt. [12], are **denied** as unnecessary.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/21/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH SNELLING
178636
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel